**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-6387**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TELLY SURVAR ARMSTRONG, a/k/a Telly Savalas Armstrong,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:02-cr-00158-FDW-1)

_____

Submitted:  November 9, 2023                Decided:  December 29, 2023

_____

Before THACKER and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Telly Survar Armstrong, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Telly Survar Armstrong appeals from the district court's order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239. Armstrong was indicted on seven counts stemming from three armed robberies. He agreed to plead guilty to two counts of possessing and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). Armstrong was sentenced to seven years' imprisonment for the first count and a consecutive 25-year term for the second count. In his amended motion for a sentence reduction, Armstrong asserted that under the First Step Act's amendment to § 924(c) sentencing, he would only be subject to a combined 14-year mandatory minimum for his two § 924(c) convictions if sentenced today. The district court found that Armstrong's lengthy sentence was an extraordinary and compelling reason for a sentence reduction, but concluded that the relevant 18 U.S.C. § 3553(a) sentencing factors did not warrant a reduced sentence. We affirm.

Section 3582(c)(1)(A)(i) authorizes a district court to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." A district court's ruling on a § 3582(c)(1)(A) motion is reviewed for abuse of discretion. *United States v. Brown*, 78 F.4th 122, 127 (4th Cir. 2023). "'In doing so, we ensure that the district court has not acted arbitrarily or irrationally, has followed the statutory requirements, and has conducted the necessary analysis for exercising its discretion.'" *Id*. (quoting *United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021)). The district court must determine whether the prisoner has shown extraordinary and compelling reasons for his release and

that his release is appropriate under the applicable 18 U.S.C. § 3553(a) sentencing factors. *Id*. at 128.

We conclude that the district court did not abuse its discretion in finding that the § 3553(a) sentencing factors did not warrant a sentence reduction. The court considered the violent conduct underlying the two § 924(c) convictions, Armstrong's lengthy and almost-continuous criminal history dating back to 1993 when Armstrong was 18 years old, and Armstrong's many prison infractions since his convictions. The court had good reason to declare that Armstrong was not yet ready to comply with the law. We also conclude that Armstrong's claim that the robberies underlying the § 924(c) charges were not crimes of violence is without merit. *United States v. Mathis*, 932 F.3d 242, 265-66 (4th Cir. 2019).

Accordingly, we affirm the district court's order. We deny Armstrong's motion to reinstate and reconsider the order denying compassionate release. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*